State *v.* Jackson.

THE STATE *versus* JACKSON AND HASKELL.

An indictment cannot lawfully be found in the District Court for an offence, which can be tried in this court only, unless the accused had been previously committed or bound over to the District Court upon recognizance.

An indictment was found in the District Court against two persons for an offence, which could be tried only in this court, into which the indictment was transferred. One of the persons had neither been committed to prison, nor recognized for his appearance. The other had been bound over ; *Held,* the indictment was irregular as to the former, but that that circumstance did not impair its validity as to the latter.

An indictment found in the District Court, charging an offence of which this court alone has jurisdiction, is not invalidated, merely because the recognizance, which preceded it, did not specify the offence, charged in the indictment.

INDICTMENT, found in the District Court, against the two defendants for having counterfeit money with fraudulent intent, &c.

One of them had recognized to appear there, but the recognizance did not specify for what offence he was to answer.

The other defendant had neither recognized nor been committed. The indictment had been transferred to this court. The counsel for the defendants now moves that it be quashed.

SHEPLEY, C. J., orally. — The defendants' counsel contends that the offence, charged against them, was not cognizable before the grand jury of the District Court, and also, that because only one of them had been bound over to that court, the indictment was unauthorized and void as to both.

The fact thus stated is admitted to be true.   The form of

a recognizance is of no consequence, except as to the liability of the conusors, in an action upon it. It cannot take away the right of the grand jury to inquire freely into all offences. The objection is untenable.

For matters which can be tried in this court alone, the grand jury of the District Court cannot indict, unless the accused has been committed, or bound over. Stat. 1842, chap. 27, sect. 1. The indictment was therefore unauthorized, as to that defendant who had neither been recognized or committed, and he must be discharged, but that irregularity cannot impair the validity of the indictment as to the defendant who was under recognizance.

*Webster*, for the defendants.

*Coburn*, County Att'y, for the State.

NOTE. — The prosecuting officer afterwards entered a *nol. pros.* as to the defendant who had neither recognized or been committed; and the action was continued for the trial of the other.